186 Wis.2d 100 (1993)
519 N.W.2d 706
ST. MARYS HOSPITAL MEDICAL CENTER, Plaintiff-Appellant,
v.
Forest S. BRODY, Defendant, and Cynthia BRODY, Defendant-Respondent.
No. 92-0195.
Court of Appeals of Wisconsin.
Submitted on briefs June 4, 1993.
Decided June 16, 1994.
*102 For the plaintiff-appellant the cause was submitted on the brief of David M. McDorman of Madison.
For the defendant-respondent no brief was filed.
For the Wisconsin Bankers Association an amicus curiae brief was submitted by John E. Knight and James E. Bartzen of Boardman, Suhr, Curry & Field of Madison.
For the Wisconsin Merchants Federation an amicus curiae brief was submitted by Lawrence J. Bugge and Keith A. Christiansen of Foley & Lardner of Madison.
Before Gartzke, P.J., Dykman and Sundby, JJ.
GARTZKE, P.J.
St. Marys Hospital Medical Center appeals from a judgment in its favor against Cynthia Brody for $3,311.48, damages and costs.[1] The judgment provides that St. Marys "may only satisfy the amount of this Judgment out of marital assets assigned to the defendant, Cynthia Brody, to the extent of the value of the marital property at the date of [her] divorce." The issue is whether the limitation is valid. *103 We conclude it is not and therefore reverse the judgment in part.
Cynthia and Forest married in 1981. In March 1990 St. Marys provided medical services to Forest. In November 1990 Forest and Cynthia were divorced in Crawford County, Wisconsin. The divorce judgment incorporated an agreement between the parties which assigned to Forest the duty to pay the then balance of $2,900 owed to St. Marys. St. Marys subsequently brought this action against Forest and Cynthia to collect that amount. A default judgment was entered against Forest.
St. Marys moved for summary judgment against Cynthia, and submitted a supporting affidavit by its director of business services. The director furnished a record of the medical services provided to Forest and averred that the charges for the services are reasonable and customary. Cynthia relied solely on the provision in the divorce judgment requiring Forest to pay the balance on the bill.
The trial court concluded, on the basis of the undisputed facts, that Cynthia is liable to St. Marys for the balance, and entered judgment against her. Because she has not appealed, her liability is fixed and is not an issue before us.
However, the nature of Cynthia's underlying obligation is before us and is crucial to the validity of the limitation in the judgment that St. Marys may satisfy the judgment only out of marital assets assigned to her to the extent of the value of the marital property at the date of her divorce. The validity of that limitation turns on the category into which her obligation falls under § 766.55, STATS.
Section 766.55, STATS., provides in relevant part:

*104 (1) An obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, is presumed to be incurred in the interest of the marriage or the family....
(2) After the determination date all of the following apply:
(a) A spouse's obligation to satisfy a duty of support owed to the other spouse or to a child of the marriage may be satisfied only from all marital property and all other property of the obligated spouse.
(b) An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse.
(c)1. An obligation incurred by a spouse before or during marriage that is attributable to an obligation arising before marriage or to an act or omission occurring before marriage may be satisfied only from property of that spouse that is not marital property and from that part of marital property which would have been property of that spouse but for the marriage.
2. An obligation incurred by a spouse before, on or after January 1, 1986, that is attributable to an obligation arising before January 1, 1986, or to an act or omission occurring before January 1, 1986, may be satisfied only from property of that spouse that is not marital property and from that part of marital property which would have been the property of that spouse but for the enactment of this chapter.
(cm) An obligation incurred by a spouse during marriage, resulting from a tort committed by the *105 spouse during marriage, may be satisfied from the property of that spouse that is not marital property and from that spouse's interest in marital property.
(d) Any other obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, may be satisfied only from property of that spouse that is not marital property and from that spouse's interest in marital property, in that order.
(2m) Unless the dissolution decree or any amendment to the decree so provides, no income of a nonincurring spouse is available for satisfaction of an obligation under sub. (2)(b) after entry of the decree. Marital property assigned to each spouse under that decree is available for satisfaction of such an obligation to the extent of the value of the marital property at the date of the decree. If a dissolution decree provides that the nonincurring spouse is responsible for satisfaction of the obligation, the obligation may be satisfied as if both spouses had incurred the obligation.
Section 766.55, STATS., is based on § 8 of the Uniform Marital Property Act (U.M.P.A.). UNIF. MARITAL PROPERTY ACT § 8, 9A U.L.A. 97, 117-18 (1983).[2] While *106 §766.55(1) contains additional provisions, most of the provisions in § 8 of U.M.P.A. have almost identical counterparts in § 766.55.
As its authors have stated, § 8 of U.M.P.A. is designed, "to establish four categories of obligations with which a couple may be involved, and to clarify what property is available to satisfy those different categories of obligations." U.M.P.A. § 8 cmt. at 118 (emphasis added).
The authors of § 8 of U.M.P.A. describe the four categories of obligations in that act as follows:

*107 Support: All marital property and all other property of the obligated spouse is available to satisfy an obligation of support owed to the other spouse or a child of the marriage.

Family Purposes Obligations falling within the presumption, being for the interest of the marriage, may be satisfied from all marital property and from the property of the incurring spouse that is not marital property....

Premarital Obligations: A premarital obligation or an obligation incurred during marriage but attributable to an act or omission before marriage is to be satisfied from the property of the incurring spouse that is not marital property and from the marital property that would have been the property of the incurring spouse but for the marriage....

All Other Obligations: Obligations not covered by the first three categories may be satisfied out of the property of the incurring spouse that is not marital property and from the interest of the incurring spouse in marital property.
U.M.P.A. § 8 cmt. at 118-19.[3]
*108 Because the statutory category into which an obligation falls determines the right of a creditor[4] to reach the property of a spouse, we next examine the nature of Cynthia's obligation which gave rise to the money judgment in St. Marys' favor. When deciding Cynthia's liability, the trial court noted that Wisconsin's common law doctrine of necessaries had imposed on a husband a primary personal liability to creditors who provided necessaries for the support of the family. The court noted that Marshfield Clinic v. Discher, 105 Wis. 2d 506, 511, 314 N.W.2d 326, 329 (1982), held that the rule of necessaries is particularly appropriate in cases dealing with medical care because it allows hospitals to render immediate emergency care to incapacitated patients; and hospitals, knowing that they can rely on either spouse for payment, need not delay treatment by having first to make financial arrangements.[5] The court concluded, and we agree, that the medical care received by Cynthia's ex-husband falls within the category of necessaries included in that doctrine.
*109 [1]
As the trial court also noted, § 765.001(2), STATS., part of Wisconsin's marital property law, has modified this state's doctrine of necessaries, so that it now imposes personal liability on each spouse for the other's necessaries. Section 765.001(2) provides in pertinent part:
Under the laws of this state, marriage is a legal relationship between 2 equal persons, a husband and wife, who owe to each other mutual responsibility and support. Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse. No spouse may be presumed primarily liable for support expenses under this subsection.
(Emphasis added.) The court properly concluded that because Cynthia was married to Forest when he incurred necessary medical expenses, she is equally responsible to St. Marys for the debt under § 765.001(2).[6]
[2]
That conclusion was enough for the trial court to determine the § 766.55(2), STATS., category into which Cynthia's obligation falls and therefore the property St. Marys could reach to satisfy its judgment against her. Providing for a spouse's necessary medical treatment according to one's ability is a duty of support owed under § 765.001(2), STATS. Cynthia's obligation therefore falls into the support category, § 766.55(2)(a), *110 as an "obligation to satisfy a duty of support owed to the other spouse . . . ." For that reason, St. Marys can satisfy its judgment against Cynthia "only from all marital property and all other property of the obligated spouse [Cynthia]." Id.[7]
The trial court erroneously concluded, however, on the basis of the presumption that " [a]n obligation incurred by a spouse during marriage ... is presumed to be incurred in the interest of the marriage or the family," § 766.55(1), STATS., that Cynthia's obligation falls into the category established by § 766.55(2)(b): "An obligation incurred by a spouse in the interest of the marriage . . . ." The court therefore held that Cynthia's obligation comes within § 766.55(2m), since that subsection affects a creditor's postdivorce satisfaction rights for an obligation incurred by a spouse in the interest of the marriage, § 766.55(2)(b). Applying § 766.55(2m), the court concluded that only the marital property Cynthia received at the time of the divorce, to the extent of its value at the divorce, is available to St. Marys to satisfy the debt.
It is true that §766.55(1), STATS., raises a presumption that an obligation "incurred" by a spouse during marriage has been "incurred in the interest of the marriage or the family," and the "interest of the marriage" category in § 766.55(2)(b) also refers to an obligation "incurred" by a spouse. Similarly, the categories described in § 766.55(2)(c)1 and 2, (cm) and (d) deal with obligations "incurred" by a spouse. But the support category, § 766.55(2)(a) does not use the verb "incurred." That paragraph refers simply to a "spouse's obligation to satisfy a duty of support." Hence, a *111 spouse's support obligation under § 766.55(2)(a) is not and need not be "incurred."
We emphasize that because the presumption created in § 766.55(1), STATS., applies to an obligation "incurred" by a spouse, the presumption applies to the categories of obligations described in § 766.55(2)(b) through (d). The presumption does not apply to the support obligation category, § 766.55(2)(a).
The selective use of the verb "incurred" in § 766.55, STATS., is not the only reason for our conclusion that the presumption in § 766.55(1) is inapplicable to the support category in § 766.55(2)(a). The support category is the most important of the statutory categories for the preservation of a marriage or family, in that it covers goods and services essential to a marriage or family. The support category would, however, suffer desuetude by application of the presumption that a support obligation was incurred in the interests of the marriage or family. Rarely, if ever, can a support obligation not involve the interest of the marriage or family. Applying the presumption before determining whether a nonincurring spouse's obligation falls within the support category will invariably force the obligation into the interest of the marriage or family category, § 766.55(2)(b). That will tend to read the support category out of the statute through disuse.
To the extent that the support category is read out of the statute, the range of assets a creditor can reach is reduced during marriage and after divorce. The support category in § 766.55(2)(a), STATS., provides the widest range of assets a creditor can reach to satisfy an obligation. The creditor may satisfy a support obligation "only from all marital property and all other property of the obligated spouse." Id. Both spouses are obligated, and equally so, to support each other and *112 their children in accordance with each spouse's ability. Section 765.001(2), STATS., so provides. Section 766.55(2)(a) permits a support creditor to reach all of the marital property and all other property of a nonincurring spouse.[8]
[3]
On the other hand, if an obligation which is truly a support obligation is instead forced into the "interest of the, marriage or the family" category, § 766.55(2)(b), STATS., the creditor may satisfy the obligation "only from all marital property and all other property of the incurring spouse." (Emphasis added.) And if a divorce followed, satisfaction of the obligation would be further restricted through the operation of § 766.55(2m),[9] as would be the case in the judgment before us. We reject such a reading of the statute. Assuring a support creditor greater certainly of payment by providing a wide range of reachable property means that spouses and children are more likely to obtain necessary goods and services. See Marshfield, 105 Wis. 2d at 510, 314 N.W.2d at 328.
The dissent correctly states that § 766.55(2)(a) and (b), STATS., does not create a direct cause of action against the noncontracting spouse. None of the paragraphs in § 766.55(2) create a direct cause of action against a spouse. Indeed, no part of § 766.55(2) creates any cause of action, direct or indirect. Rather, the paragraphs simply establish the categories "of obligations *113 with which a couple may be involved, and . . . clarify what property is available to satisfy those different categories of obligations." U.M.P.A. §8 cmt. at 118. Section 766.55(2)(a) imposes no obligation on a spouse to satisfy a duty of support to the other spouse or to a child of the marriage.
The dissent discusses §803.045, STATS. Nothing in §803.045, imposes a liability against either spouse under §766.55(2)(a) or (b), STATS.[10] Rather, §803.045 is procedural. It authorizes a creditor to proceed against a spouse under the circumstances described in the statute to reach the property described in §766.55(2).
[4]
We conclude that the trial court erred when it inserted the limitation in the judgment that St. Marys may only satisfy the amount of the judgment out of the marital assets assigned to Cynthia to the extent of the value of the marital property at the date of her divorce. We therefore reverse the limitation.
*114 By the Court.Judgment affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
SUNDBY, J.(dissenting).
The Wisconsin Marital Property Act (MPA) "has a significant impact on the necessaries doctrine." 1 KEITH L. CHRISTENSEN ET AL., MARITAL PROPERTY LAW IN WISCONSIN § 5.41 (2d ed. 1993) (hereinafter CHRISTENSEN). Prior to the MPA, St. Marys could have attempted to recover its charges for Forest Brody's medical treatment first from Forest, and then from Forest's wife, Cynthia, if unsuccessful against Forest. Marshfield Clinic v. Discher, 105 Wis. 2d 506, 508-09, 314 N.W.2d 326, 327-28 (1982). According to the doctrine of necessaries, husbands were primarily liable and wives secondarily liable for "necessary" items purchased by either spouse. However, the MPA eliminated any gender distinction and declared:
Under the laws of this state, marriage is a legal relationship between 2 equal persons, a husband and wife, who owe to each other mutual responsibility and support. Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse. No spouse may be presumed primarily liable for support expenses under this subsection.
Section 765.001(2), STATS. However, this section involves only the obligation of support as between a husband and wife; it does not affect the relationship between a creditor and a spouse.
*115 The rights of creditors are recognized in § 803.045, STATS., created by 1985 Wis. Act 37, § 153. That section provides:
(1) Except as provided in sub. (2), when a creditor commences an action on an obligation described in s. 766.55(2), the creditor may proceed against the obligated spouse, the incurring spouse or both spouses.
(2) In an action on an obligation described in s. 766.55 (2) or (b), a creditor may proceed against the spouse who is not the obligated spouse or the incurring spouse if the creditor cannot obtain jurisdiction in the action over the obligated spouse or the incurring spouse.
(3) After obtaining a judgment, a creditor may proceed against either or both spouses to reach marital property available for satisfaction of the judgment.
(4) This section does not affect the property available under s. 766.55 (2) to satisfy the obligation.
Section 766.55(2), STATS., provides in part:
(a) A spouse's obligation to satisfy a duty of support owed to the other spouse or to a child of the marriage may be satisfied only from all marital property and all other property of the obligated spouse.
(b) An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse.
Under § 803.045(1), STATS., a creditor may proceed against the obligated spouse, the incurring spouse or both spouses on an obligation described in § 766.55(2), STATS. Under § 803.045(3), the creditor, after obtaining *116 a judgment, may proceed against either or both spouses "to reach marital property available for satisfaction of the judgment." Section 803.045 does not, however, affect the property available under § 766.55(2) to satisfy an obligation thereunder. Section 803.045(4). The purpose of § 803.045 is to provide a means by which a creditor may reach marital property, not to provide a cause of action to recover against nonmarital property.
Authorities on Wisconsin's marital property law conclude that § 767.55(2)(a) and (b) and § 803.045, STATS., do not create personal liability for support obligations directly to third-party creditors:
In Wisconsin, the statutes do not create any personal liability directly to third persons, such as creditors, for support obligations. It might be thought that § 766.55(2)(a) and (b) and § 803.045 may create a direct cause of action against the noncontracting spouse in favor of a creditor who has provided goods or services to the contracting spouse for the support of a spouse or minor children. However, the proper analysis is as described in the text. ("The duty of each spouse to support the other spouse is a duty owed between the spouses."] Section 766.55(2)(a) speaks in terms of a spouse's support obligation owed to the other spouse or child, and specifically, that the obligation is to be satisfied only from marital property and other property of that obligated spouse. Accordingly, the creditor with whom the spouse contracted may reach only all marital property and that spouse's nonmarital property to satisfy the contractual obligation incurred by that spouse, and not the nonmarital property of the noncontracting spouse, which could, of course, be reached if a direct cause of action had been created.

CHRISTENSEN, at § 5.40 n.30 (emphasis added).
*117 The only construction consistent with all provisions of the MPA is that § 766.55(2)(a), STATS., addresses only a spouse's obligation to satisfy a duty of support to the other spouse or to a child of the marriage, which duty has been established. See § 765.001(2), STATS.; § 767.08(2)(a), STATS. Because Cynthia's obligation to support Forest by paying St. Marys' bill has not been established, she is not the "obligated" spouse under § 766.55(2)(a). Because she did not incur the obligation to St. Marys, she is not the "incurring" spouse under § 766.55(2)(b). Because the divorce decree did not so provide, Cynthia's postdivorce income is not available to pay the St. Marys bill incurred by Forest. Section 766.55(2m). Only the marital property assigned to her in the divorce judgment is available to satisfy the debt to St. Marys incurred by her husband. Id. I would therefore affirm.
NOTES
[1] Cynthia's trial counsel states that the amount of the judgment does not justify Cynthia spending more funds on this matter, and she has not filed a brief. When a respondent fails to file a brief, we customarily reverse under RULE 809.21(1), STATS. However, because of the importance of the issue, we have taken the appeal under submission on the basis of St. Marys brief, but after inviting nonparty briefs. The State Bar Family Law Section declined to file a brief because its directors were divided on the issues. The State Bar Bankruptcy, Insolvency and Creditor's Rights Section declined to file a brief to avoid taking a position which could be construed as favoring either debtors or creditors. We received briefs from Wisconsin Merchants Federation and Wisconsin Bankers Association. The Wisconsin Supreme Court refused our certification.
[2] Section 8 of U.M.P.A. provides as follows:

(a) An obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, is presumed to be incurred in the interest of the marriage or the family.
(b) After the determination date:
(i) a spouse's obligation to satisfy a duty of support owed to the other spouse or to a child of the marriage may be satisfied only from all marital property and all other property of the obligated spouse that is not marital property;
(ii) an obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of that spouse that is not marital property; (iii) an obligation incurred by a spouse before or during marriage that is attributable to an obligation arising before marriage or to an act or omission occurring before marriage may be satisfied only from property of that spouse that is not marital property and that part of marital property which would have been the property of that spouse, but for the marriage; and
(iv) any other obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, may be satisfied only from property of that spouse that is not marital, property and that spouse's interest in marital property and in that order.
(c) This [Act] does not alter the relationship between spouses and their creditors with respect to any property or obligation in existence on the determination date.
(d) Provisions of a written consent signed by a creditor which diminish the rights of the creditor provided in this section are binding on the creditor.
(e) No provision of a marital property agreement adversely affects the interest of a creditor unless the creditor had actual knowledge of that provision when the obligation to that creditor was incurred. The effect of this subsection may not be varied by a marital property agreement.
(f) This [Act] does not affect the exemption of any property of spouses under other law.
UNIF. MARITAL PROPERTY ACT § 8, 9A U.L.A. 97, 117-18 (1983) (alterations in original).
[3] Section 766.55, Stats., is longer and more complex than § 8 of U.M.P.A., but it includes the four categories of obligations found in § 8. Section 766.55(2)(a) pertains to support and tracks § 8(b)(i) of U.M.P.A. Section 766.55(2)(b) tracks the "family purposes" provision in § 8(b)(ii) of U.M.P.A. Section 766.55(2)(c) is a counterpart to § 8(b)(iii) of U.M.P.A. Section 766.55(2)(d) is comparable to the "all other obligations" category of § 8(b)(iv) of U.M.P.A. The uniform act has no counterpart to § 766.55(2) (cm), pertaining to obligations arising out of tort, but torts presumably are covered by the "any other obligations" category in § 8(b)(iv) of U.M.P.A. The uniform act contains no provision comparable to § 766.55(2m), regarding divorce.
[4] However, § 766.55(2) and (2m), STATS., "does not affect the satisfaction of an obligation of a spouse from collateral or other security for that obligation." Section 766.55(6). CHAPTER 766, STATS., "does not affect the exemption of any property of spouses from availability for satisfaction of an obligation, provided by other law." Section 766.55(5). And after the death of a spouse, property is available for satisfaction of obligations as provided in § 859.18, STATS. Section 766.55(8).
[5] Section 146.301(3), STATS., provides that no hospital providing emergency services may delay emergency treatment to a sick or injured person until credit checks, financial information forms or promissory notes have been initiated, completed or signed if, in the opinion of one of the medical employees, agents or staff members listed in the subsection, delay is likely to cause increased medical complications, permanent disability or death. Section 146.301(3) is not cited in Marshfield.
[6] No issue was raised regarding Cynthia's ability during the marriage to contribute to her husband's support or that the medical services provided to him were unnecessary.
[7] St. Marys can of course satisfy its judgment against Forest under § 766.55(2)(b), STATS., from all marital property and all other property of Forest, if he was the incurring spouse.
[8] As a general rule, the creditor can reach the property of an incurring spouse on any obligation.
[9] Section 766.55(2m), STATS., provides in pertinent part that marital property assigned to each spouse under the divorce decree is available for satisfaction of a § 766.55(2)(b) obligation to the extent of the value of the marital property at the date of the decree.
[10] Section 803.045, STATS., created by 1985 Wis. Act 37, § 153, provides:

(1) Except as provided in sub. (2), when a creditor commences an action on an obligation described in s. 766.55(2), the creditor may proceed against the obligated spouse, the incurring spouse or both spouses.
(2) In an action on an obligation described in s. 766.55(2)(a) or (b), a creditor may proceed against the spouse who is not the obligated spouse or the incurring spouse if the creditor cannot obtain jurisdiction in the action over the obligated spouse or the incurring spouse.
(3) After obtaining a judgment, a creditor may proceed against either or both spouses to reach marital property available for satisfaction of the judgment.
(4) This section does not affect the property available under s. 766.55(2) to satisfy the obligation.